# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JIMMIE WHITE, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 13-0335-CV-W-DGK |
| CTX MORTGAGE, LLC, et al., | ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This case arises from Defendant CTX Mortgage Company's ("CTX's") foreclosure of real estate in Kansas City, Missouri, owned by Plaintiffs Jimmie and Carol White ("Plaintiffs"). After receiving a notice of foreclosure, Plaintiffs filed suit in this Court on April 3, 2013, against CTX, Co-Defendant Nationstar Mortgage, LLC ("Nationstar"), and Co-Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"). Now before the Court is Nationstar's and MERS' joint motion to dismiss for failure to state a claim (Doc. 6). For the reasons stated below, the motion is GRANTED, and all counts are dismissed as to Nationstar and MERS.

## Background

At the outset, the Court notes the factual background in this case is unclear. The Complaint's ("Complaint's") fact section lists a variety of title transfers and numerous party and non-party entities without providing a coherent history of when these title transfers occurred or what role each entity allegedly played in them. Rather, the Complaint merely makes cursory reference to the entities and cites to "exhibits" attached to the Complaint. The Court has attempted to piece together the relevant background facts through analyzing the short "facts" section in the Complaint in conjunction with Plaintiffs' attached "exhibits."

As best the Court can tell, on May 11, 2005, Plaintiffs executed a promissory note ("Note") in the amount $23,500 to CTX for what appears to be a second mortgage on Plaintiffs' home ("the Property"). Compl., Facts Section,[1] ¶ 1; Exhibit A. On the same day, Plaintiffs executed a deed of trust ("the Deed") naming CTX as the Lender, Marcia Stolle as the trustee, and Defendant MERS as the nominee for CTX and beneficiary under the security instrument. Compl., Facts Section, ¶ 4; Exhibit C. The Deed functioned as CTX's security for the loan by providing CTX with a lien on Plaintiffs' Property. This instrument also provided that MERS possessed legal title to the property and had the right "to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the property; and to take any action required of Lender…." Exhibit C.

On October 9, 2012, MERS assigned the Deed of Trust to Defendant Nationstar. Compl., Facts Section, ¶ 4(a). MERS currently "reports" Nationstar as the Servicer of the Deed and UBS, a non-party to the instant case, as trustee of the Deed. Compl., Facts Section, ¶ 4(c). CTX is now attempting to foreclose on Plaintiffs' Property. Compl., Parties Section, ¶ 1(a). The Complaint also asserts that the chain of title has been broken. Compl., Facts Section, ¶ 6. Consequently, "title [is not] clear enough" for CTX to foreclose on the Property.[2] *Id.*

---

[1] The Complaint has multiple sections with overlapping numbering. Instead of numbering each paragraph consecutively from the beginning of the complaint, Plaintiffs separately number each section. Thus, the Court's citations refer first to the labeled section in the complaint and then to the appropriate paragraph in that section. However, the section listing the separate counts, which begins with paragraph 33, has no explicit section reference. The Court refers to this section as "Allegations" in its citations.

[2] The facts section also refers to several non-parties to the current litigation. According to Plaintiffs, Nations Bank is named as a lender on some of Plaintiffs' tax documents. Compl., Facts Section, ¶ 4(d). Also, a "proof of claim" from September 27, 2005 reported Irwin Home Equity Corporation as "Sub-Servicer for UBS as Owner/Lender." Compl., Facts Section, ¶ 4(e). In addition, Plaintiffs make reference to non-party Lehman Brothers Bank as having a role in the events. At sometime in the past, CTX transferred the Note to Lehman Brothers Bank. Compl., Facts Section, ¶ 1(a). It is further alleged, Lehman Brothers Bank "pooled" this mortgage with others in a trust fund to perpetrate a "securitization scheme." Compl., Nature of the Action Section, ¶ 1. As best the Court can tell, Plaintiffs included these facts to demonstrate that it is unclear as to the identity of current Note "owner", the loan servicer, the beneficiary under the Deed, and the trustee under the Deed.

Plaintiffs raise eight claims: (1) "Predatory Lending"; (2) "Servicer Fraud"; (3) violations of the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, *et seq.*; (4) violations of the Real Estate Settlement Procedures Act ("RESPA"), 15 U.S.C. § 2601, *et seq.*; (5) "Breach of Fiduciary Duty"; (6) "Identity Theft"; (7) Civil Rico; and (8) Quiet Title to Real Property. For relief, Plaintiffs request economic damages; a declaratory judgment identifying the "owner" of the Note and clarifying whether the Deed is actually security for the loan; and injunctive relief conveying the Property to Plaintiffs or a judgment quieting title to Plaintiffs' Property.

**Standard**

A court must dismiss a complaint if it fails to state a claim on which relief can be granted. Fed R. Civ. P. 12(b)(6). In reviewing the adequacy of a complaint, the court assumes that the factual allegations in the complaint are true and construes them in the light most favorable to the plaintiff. *Data Mfg. Inc. v. UPS, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). To survive a 12(b)(6) motion to dismiss, the complaint must do more than recite the bare elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). Rather, it must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint ... does not need detailed factual allegations," a plaintiff must provide the grounds of his entitlement with more than mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545 (internal citations omitted)). A complaint that alleges only "naked assertion[s] devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Twombly*, 550 U.S. at 557.

Additionally, in ruling on a 12(b)(6) motion to dismiss, the court is not limited to the four corners of the complaint. *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011). The court may consider "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). Thus, this allows the Court to consider the complaint and the attached "exhibits" when ruling on Defendants' motion to dismiss.

Finally, in considering a 12(b)(6) motion based on the running of a statute of limitations, the court may only grant the motion if it is clear from the face of the complaint that the cause of action is time-barred. *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011).

**Analysis**

Nationstar and MERS argue the Court should dismiss all eight counts because they (1) fail to state a claim upon which relief can be granted, or (2) are barred by the applicable statute of limitations.

At the outset, the Court makes several general observations about the Complaint. In each count, Plaintiffs have substituted legal conclusions for facts. Plaintiffs allege countless parties have engaged in a wide-ranging conspiracy to swindle the Plaintiffs and other similarly situated mortgagors out of millions of dollars. Plaintiffs, however, fail to provide any specific facts connecting Defendants to such a scheme. Likewise, Plaintiffs' pleading in each of the eight counts is littered with references to acronyms that were never defined and the Complaint often uses "Plaintiff" interchangeably with "Defendant."[3] Furthermore, the Complaint routinely refers

---

[3] Plaintiffs refer to "REMIC" throughout the Complaint, but fail to specify what the term means or why it is relevant to the instant case. Compl., Allegations, ¶ 32(f). Also, in Count IV alleging violations of the RESPA, the Complaint states "[i]n violation of 12 USC sec. 2607(d)(2) and in connection with the mortgage loan *to Defendant*, *Plaintiffs* accepted charges for the rendering of real estate services which were in facts charges for oth[er] than

4

to the Defendants collectively even though they have separate roles in the mortgage transaction, and then, with little or no connecting facts, asserts that the Defendants either violated statutory provisions or the common law. For example, in Count V, which alleges fiduciary duty violations, the Complaint states that "[d]efendants breached their fiduciary duties to the Plaintiff by fraudulently inducing Plaintiff to enter into a mortgage transaction which was contrary to the Plaintiff's stated intentions;…interests; and…preservation of his home." Compl., Allegations, ¶ 59. In short, Plaintiffs' entire Complaint fails to plead sufficient facts to place defendants on notice of their alleged wrongs, let alone provide enough facts to make these claims plausible.[4]

## A. Plaintiffs' predatory lending claim is time-barred, and they fail to state a claim for predatory lending.

Count I asserts Defendants engaged in "predatory lending." Plaintiffs raise three separate theories to advance this claim: (1) the terms of the loan were not in their best interests; (2) the lender knowingly made the loan with the intention of transferring it to another entity to be bundled with mortgages to form mortgage-backed securities, which compromised the negotiability of the note; and (3) the Defendants failed to make the required disclosures to Plaintiffs as required by the Truth in Lending Act ("TILA") and RESPA. The Court holds these claims are barred by the statute of limitations, and, even if they were not barred, Plaintiffs fail to state a claim upon which relief can be granted.

Any cause of action arising from Plaintiffs' contentions is time-barred either under state law or federal statutory law. Plaintiffs fail to state any legal basis for the first two theories advanced under Plaintiffs' "predatory lending" cause of action. To the extent that either of the

---

services actually performed." Compl., Allegations, ¶ 56. Such mistakes, while in and of themselves not fatal to the Complaint, cumulatively detract from the coherence of the allegations.

[4] The Court also notes that significant portions of the Complaint seem to be a verbatim recitation of the boilerplate language from a template complaint for "wrongful foreclosure" lawsuits found on various websites. *See e.g.*, Ask the Expert: Wrongful Foreclosure, *available at* http://foreclosureinfosearch.blogspot.com/2009/11/litigation-wrongful-foreclosure.html (possessing the same claims and language as the complaint in this case).

first two theories is premised on some quasi-fiduciary duty, the general five-year limitation period under section 516.120(4) of the Missouri Revised Statutes has expired. *See Klemme v. Best*, 941 S.W.2d 493, 497 (Mo. 1997) (holding that breach of fiduciary duty claims fall under the statute's five-year limitation period). Under Plaintiffs' first two theories Defendants' allegedly breached their fiduciary duties by making the loan, and thus the limitations period began to run when the loan closed on May 11, 2005. Therefore, the limitations period expired on May 11, 2010.

Similarly, any claim Plaintiffs had for any TILA or RESPA violations is also time-barred. A claim brought under TILA for rescission has a three-year statute of limitations, while a damages claim under TILA has a one-year statute of limitations. 15 U.S.C. § 1635(f); 15 U.S.C. 1640(e). Here, Plaintiffs alleges that the TILA violations of failure to disclose occurred prior to and during the loan closing on May 11, 2005. Thus, the statute of limitations for the TILA claim ran out on May 11, 2008. Likewise, RESPA also imposes either a one-year or three-year time period in which to file a claim. 12 U.S.C. § 2614. Since Plaintiffs failed to file their claims before May 11, 2008, any potential RESPA claim based on failure to make proper disclosures is also time-barred.

Plaintiffs do not dispute the statute has run; rather, they contend the Court should equitably toll the limitations period. Specifically, Plaintiffs argue that (1) federal law requires the Court to liberally apply equitable tolling to statutory violations; and (2) that fraudulent concealment also supports equitable tolling. Plaintiffs' argument, however, completely ignores the pleading requirements for equitable tolling.

The Eighth Circuit has cautioned that equitable tolling "should be invoked only in exceptional circumstances truly beyond the plaintiff's control." *Jenkins v. Mabus*, 646 F.3d

6

1023, 1029 (8th Cir. 2011). To establish a claim of fraudulent concealment to equitably toll a federal claim, the plaintiff must plead with particularity the "who, what, when, where, and how" of the alleged fraudulent act. *Great Plains Trust Co. v. Union Pacific R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007) (internal quotations and citations omitted). Under this standard, "conclusory legal allegations" do not establish fraudulent concealment. *Id.* In their response to the motion to dismiss, Plaintiffs only generally refer to abstract principles of equitable tolling and then assert that "sufficient particularity has been pled regarding fraudulent concealment to apply equitable tolling." Plaintiffs have not made any allegations regarding actions or statements by Nationstar or MERS that would give rise to a claim of fraudulent concealment. This is insufficient to plead equitable tolling.

Assuming, *arguendo*, that any of the "predatory lending" claims were not time-barred, Plaintiffs have still failed to plead sufficient facts to state a claim. With respect to Plaintiffs' first theory, they have failed to allege that Nationstar or MERS even made the initial loan to Plaintiffs, much less that this loan was not in their best interest, and they have failed to cite any legal authority that a cause of action exists for providing a loan that is not in their best interest. As for the second theory, Plaintiffs failed to provide any legal or factual basis for their arguments that demonstrates why extending the loan without informing Plaintiffs of potential securitization of their Note violated any legal provision or why the subsequent transfers invalidated the Note and gave rise to a cause of action.

Plaintiffs have also failed to sufficiently plead facts showing Nationstar or MERS could plausibly be liable for a violation of TILA or RESPA. To plead a cause of action under TILA, Plaintiffs must demonstrate that the Defendants are the Plaintiffs' creditors or assignees of the creditor. *See Mourad v. Homeward Residential, Inc.*, 517 Fed. Appx. 360, 364 (6th Cir. 2013).

Plaintiffs have failed to demonstrate that Nationstar and MERS are creditors because they have only alleged that Nationstar was a servicer and MERS was the nominee and beneficiary. *See id.* (defining creditor as "someone who both regularly extends consumer credit and is initially due payment for debt arising from a consumer-transaction"). In fact, Plaintiffs have alleged that CTX is the creditor, because it is the entity to which the original debt was payable. Similarly, Plaintiffs have completely failed to allege that either defendant is an assignee of the creditor.

Finally, Plaintiffs have failed to plead sufficient facts to state a claim under RESPA, because they have not satisfied the threshold requirement of demonstrating that Nationstar or MERS is a "lender" under the regulations. *See* 24 C.F.R. § 3500.2 (defining lender as "the secured creditor or creditors named in the debt obligation and document creating the lien."). In fact, neither Nationstar nor MERS meets this definition, because Nationstar was never mentioned in the Note or the Deed and MERS was simply the nominee for the actual secured creditor, CTX. Thus, Count I is dismissed as to Nationstar and MERS.

**B.      Plaintiffs fail to state a claim for "servicer fraud."**

Count II for "servicer fraud" alleges that "[d]efendants engaged in a pattern and practice of defrauding Plaintiff[5] in that, during the entire life of the mortgage loan, Defendants failed to properly credit payments made; incorrectly calculated interest on the accounts; and have failed to accurately debit fees….Plaintiff made payments on the improper, inaccurate, and fraudulent representations as to Plaintiff's accounts." Assuming Plaintiffs intended to plead a fraudulent misrepresentation claim under Missouri law, they fail to sufficiently plead enough facts to state a claim. To maintain a claim for fraudulent misrepresentation Plaintiffs must plead: "(1) a

---

[5] The use of the singular "Plaintiff" throughout the complaint is a typographical error. As discussed in footnote four, it appears the complaint was taken almost verbatim from a template on a website. Consequently, the reference to "Plaintiff" instead of "Plaintiffs" probably derives from counsel's use of the template language without properly adapting it to the facts of this case.

representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury." *Freitas v. Wells Fargo Home Mortg.*, 703 F.3d 436, 438-39 (8th Cir. 2013) (citing *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131-32 (Mo. 2010)). In pleading the facts that satisfy these elements, Federal Rule of Civil Procedure 9(b) requires the plaintiff to plead "with particularity the circumstances constituting [the] fraud." Fed. R. Civ. P. 9(b). The Eighth Circuit has further explained that this rule requires the plaintiff to "plead such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Freitas*, 703 F.3d at 439 (internal quotations and citations omitted).

Plaintiffs have failed to meet this heightened standard for several reasons. Plaintiffs' blanket reference to "Defendants" fails to identify *which* defendant made the alleged misrepresentations. Furthermore, Plaintiffs fail to specify the alleged time or place of the misrepresentation or in what form the Defendants made the misrepresentation. Thus, Plaintiffs fail to state a claim, and Count II is dismissed as to Nationstar and MERS.

**C.**     **Plaintiffs' HOEPA claim is time-barred, and they also fail to state a claim for a violation of HOEPA.**

Count III alleges the "Defendants" violated the disclosure requirements of HOEPA. Plaintiffs argue that "Defendants" failed to make a variety of disclosures required under the act, including provisions discussing the possibility of foreclosure and the "right to rescind the transaction." Compl., Allegations, ¶¶ 49, 53.

Plaintiffs' claims are time-barred under HOEPA, and even if they were not time-barred, Plaintiffs fail to state a claim. HOEPA, as an amendment of TILA, possesses the same statute of limitations as TILA. *McLeod v. PB Inv. Corp.*, 492 Fed. Appx. 379, 387 (4th Cir. 2012). HOEPA claims also have a one-year statute of limitations for damages actions and a three-year statute of limitations for a rescission action. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 532 (7th Cir. 2011). Plaintiffs' loan closed on May 11, 2005, and they did not file suit until April 3, 2013. As discussed above, Plaintiffs arguments for equitable tolling are unavailing, and thus the HOEPA claims are time-barred.

Even if the HOEPA claim was not time-barred, Plaintiffs still fail to state a claim against Nationstar and MERS. Similar to a TILA claim, in order for Nationstar or MERS to be liable under HOEPA, Plaintiffs must demonstrate Defendants are Plaintiffs' creditors or assignees of their creditor. *See* 15 U.S.C. § 1602(g), 1641. Plaintiffs make a conclusory allegation that "Defendants are a 'creditor' as defined in HOEPA," but there is no allegation that either Nationstar or MERS originated high cost loans in the specified period in order to qualify as a creditor under this provision. 15 U.S.C. § 1602(g). Likewise, Plaintiffs have failed to allege that either Nationstar or MERS was an assignee of a creditor or provide any facts to suggest that Defendants committed acts to incur assignee liability. 15 U.S.C. § 1639, 1641. In place of factual allegations, Plaintiffs again merely recite the elements of different statutory provisions under HOEPA and state that Defendants violated these provisions. Thus, Plaintiffs failed to state a claim against these Defendants. For these reasons, Count III is dismissed as to Nationstar and MERS.

**D.      Plaintiffs' RESPA claim is time-barred, and they fail to state a claim under RESPA.**

In addition to the RESPA claims raised in Count I, Count IV alleges that Defendants violated § 2607(b) of RESPA by accepting charges for services not actually performed. Again, this claim is time-barred, and even if it was not time-barred, Plaintiffs have failed to state a claim under RESPA.

The statute of limitations for violations of 12 U.S.C. § 2607 is one year from the occurrence of the violation. 12 U.S.C. § 2614. The statute of limitations begins to run "on the date of closing." *Carter v. Bank of America*, 888 F. Supp. 2d 1, 25 (D.D.C. 2012). Because the loan closed on May 11, 2005, the claim expired on May 11, 2006. As discussed above, Plaintiffs fail to sufficiently plead reasons for equitable tolling, and therefore Plaintiffs' claim is time-barred.

Even if the claim was not time-barred, Plaintiffs fail to state a claim against Nationstar or MERS. The three short paragraphs pleading this claim merely recite the applicable statutory provisions and state legal conclusions. Without more facts on how or when Nationstar or MERS accepted charges without performing services, this claim is not plausible. Thus, Count IV is dismissed.

**E.      Plaintiffs' breach of a fiduciary duty claim is time-barred, and they fail to state a claim for breach of a fiduciary duty.**

Plaintiffs contend that Defendants violated the fiduciary duties owed to Plaintiffs by inducing Plaintiffs to enter into a mortgage that was contrary to their best interests. This claim is time-barred, and it also fails to state a claim because Missouri does not recognize a fiduciary relationship between Plaintiffs and Defendants.

As discussed above, the general statute of limitations for fiduciary duty claims is five years. Any claim premised on Defendants making a loan contrary to Plaintiffs' best interest is time-barred because the claim expired on May 11, 2010.

Even if the action was not time-barred, Plaintiffs still fail to state a claim against Nationstar and MERS. Under Missouri common law, lender institutions do not owe fiduciary duties to borrowers "absent other evidence of a fiduciary relationship." *UT Commc'ns. Credit Corp. v. Resort Dev.*, 861 S.W.2d 699, 710 (Mo. Ct. App. 1993). Here, Plaintiffs fail to allege how Nationstar as the loan "servicer" and MERS as the nominee owed any fiduciary duties to them, let alone how they violated those fiduciary duties. On the contrary, nothing in the pleadings or the attached exhibits suggests that MERS or Nationstar even had a role in the initial loan negotiations between CTX and Plaintiffs in which Plaintiffs were "induced" into entering a "predatory" loan. Thus, Count V is dismissed as to Nationstar and MERS.

**F.     Plaintiffs fail to state a claim for "Identity Theft."**

Count VI alleges a putative claim for "identity theft." The factual and legal basis for Plaintiffs "identity theft" claim is difficult to discern from the pleadings. In an unnumbered paragraph prior to paragraph sixty-three, Plaintiffs allege that "…negotiation of Plaintiff's note was in actuality the theft of his identity to his the vast number of 'toxic waste' mortgages, notes and obligations that the enterprise defendants were selling up through their 'securitization' chain." The "defendants" then bundled Plaintiffs' note with other disguised notes in order to sell to "unsuspecting investors," which allowed Defendants to reap significant profits. Compl., Allegations, ¶¶ 62-63. Plaintiffs conclude that they are entitled to the profits obtained from this scheme. Compl., Allegations, ¶ 64.

Plaintiffs provide no legal authority for this claim and no specific factual basis for Nationstar's or MERS' role in this alleged scheme. Even if Plaintiffs are attempting to plead a cause of action for fraud, they fail to specify how the identity theft occurred, when it occurred, or who perpetrated the identity theft. Thus, Plaintiffs have failed to state a claim in Count VI and this count is dismissed.

### G.  Plaintiffs fail to state a claim for "Civil RICO."

Under Count VII, Plaintiffs allege that Defendants use of fraud to induce Plaintiffs and others into accepting the predatory loans constituted a pattern of racketeering activity, which brings the conduct into the purview of the "Civil RICO" statute. Defendants counter that Plaintiffs have failed to plead with sufficient particularity the relevant facts to state a claim for a RICO violation. While it is unclear what RICO statute Plaintiffs refer to in this count, the Court analyzes this claim solely under the federal statute.[6]

Aside from establishing criminal penalties, the federal RICO statute also "provides a private right of action for any person 'injured in his business or property by reason of' [a RICO violation]." *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011) (internal quotations and citations omitted); 18 U.S.C. § 1964(c). To demonstrate a violation of civil RICO, the plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Crest Const. II, Inc.*, 660 F.3d at 353 (internal quotations and citations omitted). In order to prove the last two elements, a plaintiff must demonstrate that the defendant committed at least two racketeering activities that were comprised of specific crimes delineated in the statute. 18 U.S.C. § 1961(1), (5). Pleading a RICO claim triggers the heightened "particularity" standard

---

[6] At the outset of this count, Plaintiffs make a brief reference to an Ohio Revised Code statute purporting to be a state counterpart to the federal RICO statute. However, Plaintiffs fail to discuss why an Ohio statute should apply to transactions that originated under Missouri law for property located in Missouri. Furthermore, Plaintiffs fail to even mention the statute again after the initial reference. After parsing through the remainder of the count, it appears Plaintiffs meant to bring this claim under the federal statute.

of Rule 9(b), which requires the "plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." *Crest Const. II, Inc.*, 660 F.3d at 353.

Plaintiffs' allegations do not meet this heightened standard. First, Plaintiffs again only collectively refer to "the Defendants" without identifying which defendant they are referring to or their role in the alleged "racketeering activity." Plaintiffs also do not specify the time or place of these alleged activities nor do they describe specific instances of how the defendants committed the alleged racketeering activity. Instead of providing factual details in the pleadings, Plaintiffs merely make legal conclusions such as "[o]n information and belief given the volume of residential loan transactions solicited and processed by the Defendants, the Defendants have engage in two or more instances of racketeering activity…." Compl., Allegations, ¶ 70. Such a conclusory statement cannot satisfy the pleading requirements of Rule 8(b), let alone the heightened standards of Rule 9(b). Consequently, the Court dismisses this count for failure to state a claim.

## H. Plaintiffs fail to state a claim for "quiet title" to the Property.

Count VIII of Plaintiffs' Complaint requests that the Court quiet title to the Property in Plaintiffs' favor due to the Defendants' failure to make disclosures, fraudulent actions, and "unfair persuasion." Compl., Allegations, ¶¶ 72-76. In moving for dismissal of this count, Defendants' contend that an action to quiet title is a remedial measure that is wholly derivative upon the preceding counts, which all fail to state a claim. Contrary to the position taken in their Complaint, Plaintiffs assert, in their response to Defendants' 12(b)(6) motion, that they are not requesting quiet title in their favor, but merely requesting the Court to determine which creditor Plaintiffs should pay.

Under Missouri law, any person claiming title or interest in real property "may institute an action against any person or persons having or claiming to have any title, estate or interest in such property...." Mo.Rev.Stat. § 527.150(1). To maintain a cause of action to quiet title, a plaintiff must plead: (1) ownership of the described real estate; (2) that the defendant claims title or interest in the subject premises; and (3) such claim is adverse and prejudicial to plaintiff. *See Howard v. Radmanesh*, 586 S.W.2d 67, 68 (Mo.Ct.App. 1979) (citing *Randall v. St. Albans Farms, Inc.,* 345 S.W.2d 220, 221 (Mo. 1961)). While Plaintiffs have pled ownership in the Property, Plaintiffs have failed to allege that either Nationstar or MERS is claiming title to the property. In fact, Plaintiffs have only alleged that CTX is foreclosing on the property. Without asserting that Nationstar or MERS has an interest in the property that is adverse to Plaintiffs, there is no actual title dispute for the Court to resolve as respects these defendants. Thus, Count VIII is dismissed as to Nationstar and MERS.

## Conclusion

Viewing the factual allegations in the Complaint as true and construing them in the light most favorable to Plaintiffs, the Court concludes that all claims against Nationstar and MERS must be dismissed. Defendants' 12(b)(6) Motion to Dismiss is GRANTED as to all counts. Dismissal of all counts is without prejudice.

**IT IS SO ORDERED.**

Date:  October 10, 2013   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT