# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| JIMMIE WHITE, et al., ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 13-0335-CV-W-DGK |
| CTX MORTGAGE, LLC, et al., ) | |
| Defendants. ) | |

## **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This case arises from the impending foreclosure sale of Plaintiffs Jimmie and Carol White's ("Plaintiffs") home. After receiving a notice of foreclosure, Plaintiffs filed suit in this Court on April 3, 2013, against Defendants CTX Mortgage Company ("CTX"), Nationstar Mortgage, LLC ("Nationstar"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively the "Defendants").

In a previous order (Doc. 19), the Court dismissed Nationstar and MERS. Now before the Court is CTX's Motion to Dismiss (Doc. 20). Because all claims against CTX are either barred under the applicable statute of limitations or fail to state a claim, the Court GRANTS the motion.

### **Factual and Procedural Background[1]**

At the outset, the Court notes the factual background in this case is unclear. The complaint's (the "Complaint") facts section lists a variety of title transfers and numerous party and non-party entities without providing a coherent history of when these title transfers occurred or what role each entity allegedly played in them. Rather, the Complaint merely makes cursory

---

[1] Because CTX's arguments are almost identical to those raised by Nationstar and MERS in their joint motion to dismiss (Doc. 5), the Court substantially adopts the factual background and rationale from its previous order (Doc. 19).

reference to the entities and cites to exhibits attached to it. The Court has attempted to piece together the relevant background facts through analyzing the short facts section in conjunction with the attached exhibits.

As best the Court can tell, on May 11, 2005, Plaintiffs executed a promissory note (the "Note") in the amount $23,500 to CTX for what appears to be a second mortgage on Plaintiffs' home (the "Property"). Compl., Facts Section,[2] ¶ 1; Ex. A. On the same day, Plaintiffs executed a deed of trust (the "Deed") naming CTX as the Lender, Marcia Stolle as the trustee, and MERS as the nominee for CTX and beneficiary under the security instrument. Compl., Facts Section, ¶ 4; Ex. C. The Deed functioned as CTX's security for the loan by providing CTX with a lien on the Property. This instrument also stated that MERS possessed legal title to the Property and had the right "to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the property; and to take any action required of Lender…." *Id*.

On October 9, 2012, MERS assigned the Deed to Nationstar. Compl., Facts Section, ¶ 4(a). MERS currently "reports" Nationstar as the servicer of the Deed and UBS, a non-party to the instant case, as trustee of the Deed. Compl., Facts Section, ¶ 4(c). CTX is now attempting to foreclose on the Property. Compl., Parties Section, ¶ 1(a). The Complaint also asserts that the chain of title has been broken. Compl., Facts Section, ¶ 6. Consequently, "title [is not] clear enough" for CTX to foreclose on the Property.[3] *Id.*

---

[2] The Complaint has multiple sections with overlapping numbering. Instead of numbering each paragraph consecutively from the beginning of the complaint, Plaintiffs separately number each section. Thus, the Court's citations refer first to the labeled section in the complaint and then to the appropriate paragraph in that section. However, the section listing the separate counts, which begins with Paragraph 33, has no explicit section reference. The Court refers to this section as "Allegations" in its citations.

[3] The facts section also refers to several non-parties to the current litigation. Nations Bank is named as a lender on some of Plaintiffs' tax documents. Compl., Facts Section, ¶ 4(d). Also, a "proof of claim" from September 27, 2005 reported Irwin Home Equity Corporation as "Sub-Servicer for UBS as Owner/Lender." Compl., Facts Section, ¶ 4(e). In addition, Plaintiffs make reference to non-party Lehman Brothers Bank as having a role in the events. At sometime in the past, CTX transferred the Note to Lehman Brothers Bank. Compl., Facts Section, ¶ 1(a). It is

The Complaint contains eight counts: (1) a "predatory lending" claim; (2) a "servicer fraud" claim; (3) a claim for violations of the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, *et seq.*; (4) a claim for violations of the Real Estate Settlement Procedures Act ("RESPA"), 15 U.S.C. § 2601, *et seq.*; (5) a breach of fiduciary duty claim; (6) an "identity theft" claim; (7) a "civil RICO" claim apparently arising under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; and (8) a quiet title claim.

On October 10, 2013, the Court granted Nationstar and MERS' joint motion to dismiss (Doc. 19), holding that Plaintiffs' claims against the two entities were either barred by the statute of limitations or failed to state a claim. CTX was not a party to that motion because Plaintiffs had yet to properly serve it. After proper service, CTX filed the instant motion (Doc. 20).

**Standard**

A court must dismiss a complaint if it fails to state a claim on which relief can be granted. Fed R. Civ. P. 12(b)(6). In reviewing the adequacy of a complaint, the court assumes that the factual allegations in the complaint are true and construes them in the light most favorable to the plaintiff. *Data Mfg. Inc. v. UPS, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). To survive a 12(b)(6) motion to dismiss, the complaint must do more than recite the bare elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). Rather, it must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint ... does not need detailed factual allegations," a plaintiff must provide the grounds of his entitlement with more than mere "labels and conclusions," or "a

---

further alleged that Lehman Brothers Bank "pooled" this mortgage with others in a trust fund to perpetrate a "securitization scheme." Compl., Nature of the Action Section, ¶ 1. As best the Court can tell, Plaintiffs included these facts to demonstrate that it is unclear as to the identity of current Note "owner," the loan servicer, the beneficiary under the Deed, and the trustee under the Deed.

formulaic recitation of the elements of a cause of action." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545 (internal citations omitted)). A complaint that alleges only "naked assertion[s] devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Twombly*, 550 U.S. at 557.

With respect to claims based upon fraudulent conduct, Federal Rule of Civil Procedure 9(b) requires the plaintiff to plead "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Eighth Circuit has further explained that this rule requires the plaintiff to plead the "who, what, when, where, and how: the first paragraph of any newspaper story." *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011) (internal quotation marks and citation omitted).

Additionally, in ruling on a 12(b)(6) motion to dismiss, the court is not limited to the four corners of the complaint. *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011). The court may consider "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). This allows the Court to consider the Complaint as well as the attached exhibits when ruling on CTX's motion.

Finally, in considering a 12(b)(6) motion based on the running of a statute of limitations, the court may only grant the motion if it is clear from the face of the complaint that the cause of action is time-barred. *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011).

**Analysis**

CTX argues the Court should dismiss all eight counts because they (1) are barred by the applicable statute of limitations, or (2) fail to state a claim upon which relief can be granted.

At the outset, the Court makes several general observations about the Complaint. In each count, Plaintiffs have substituted legal conclusions for facts. Plaintiffs allege countless parties have engaged in a wide-ranging conspiracy to swindle Plaintiffs and other similarly situated mortgagors out of millions of dollars. Plaintiffs, however, fail to provide any specific facts connecting CTX to such a scheme. Likewise, Plaintiffs' pleading in each of the eight counts is littered with references to acronyms which are never defined and the Complaint often uses "Plaintiff" interchangeably with "Defendant."[4] Furthermore, the Complaint routinely refers to Defendants collectively even though they have separate roles in the mortgage transaction, and then, with little or no connecting facts, asserts that CTX has violated either statutory provisions or the common law. In short, the entire Complaint fails to plead sufficient facts to place CTX on notice of their alleged wrongs, let alone provide enough facts to make these claims plausible.

### A. Plaintiffs' predatory lending claim is time-barred.

Count I asserts CTX engaged in "predatory lending." Plaintiffs raise three separate theories to advance this claim: (1) the terms of the loan were not in their best interests; (2) the lender knowingly made the loan with the intention of transferring it to another entity to be bundled with mortgages to form mortgage-backed securities, which compromised the negotiability of the note; and (3) CTX failed to make the required disclosures to Plaintiffs as required by the Truth in Lending Act ("TILA") and RESPA.

Any cause of action arising from Plaintiffs' contentions is time-barred under either state or federal statutory law. Plaintiffs fail to state any legal basis for the first two theories advanced

---

[4] Plaintiffs refer to "REMIC" throughout the Complaint, but fail to specify what the term means or why it is relevant to the instant case. Compl., Allegations, ¶ 32(f). Also, in Count IV alleging violations of the RESPA, the Complaint states "[i]n violation of 12 USC sec. 2607(d)(2) and in connection with the mortgage loan *to Defendant*, *Plaintiffs* accepted charges for the rendering of real estate services which were in facts charges for oth[er] than services actually performed." Compl., Allegations, ¶ 56. Such mistakes, while in and of themselves not fatal to the Complaint, cumulatively detract from the coherence of the allegations.

under Plaintiffs' "predatory lending" cause of action. To the extent that either of the first two theories is premised on some state law quasi-fiduciary duty,[5] the general five-year limitation period applies. *See Klemme v. Best*, 941 S.W.2d 493, 497 (Mo. 1997) (holding that breach of fiduciary duty claims fall under the five-year limitations period of Mo. Rev. Stat. § 516.120(4)). Under Plaintiffs' first two theories CTX allegedly breached their fiduciary duties by making the loan, thus the limitations period began to run when the loan closed on May 11, 2005. Therefore, the limitations period expired on May 11, 2010, more than two years before Plaintiffs filed the Complaint.

To the extent Plaintiffs allege TILA and RESPA violations under Count 1, the statutes of limitations also preclude those claims. A claim brought under TILA for rescission has a three-year statute of limitations, while a damages claim under TILA has a one-year statute of limitations. 15 U.S.C. § 1635(f); 1640(e). Here, Plaintiffs allege that the TILA violations for failure to disclose occurred prior to and during the loan closing on May 11, 2005. Thus, the statute of limitations for the TILA claim ran out on May 11, 2008. Likewise, RESPA imposes either a one-year or three-year time period in which to file a claim. 12 U.S.C. § 2614. Since Plaintiffs failed to file their claims before May 11, 2008, any potential RESPA claim based on failure to make proper disclosures is similarly barred.

Nonetheless, Plaintiffs contend the Court should allow their claims to continue on the basis of equitable tolling. In particular, Plaintiffs assert the Court should equitably toll the limitation periods because CTX fraudulently concealed all the violations giving rise to each cause of action, including the predatory lending claim. Plaintiffs' argument is unpersuasive.

---

[5] At several points in the Complaint, Plaintiffs cite to Ohio law. Neither Plaintiffs briefing nor the Complaint explains why Ohio law applies to this case involving Missouri residents who engaged in transactions related to Missouri-based property. Accordingly, the Court holds that Ohio law has no application in this dispute.

The Eighth Circuit has cautioned that equitable tolling "should be invoked only in exceptional circumstances truly beyond the plaintiff's control." *Jenkins v. Mabus*, 646 F.3d 1023, 1029 (8th Cir. 2011). To establish a claim of fraudulent concealment to equitably toll a federal claim, the plaintiff must plead with particularity the "who, what, when, where, and how" of the alleged fraudulent act. *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007) (internal quotation marks and citation omitted); *see* Fed. R. Civ. P. 9(b). Under this standard, "conclusory legal allegations" do not establish fraudulent concealment. *Great Plains Trust Co.*, 492 F.3d at 995.

In their suggestions in opposition, Plaintiffs only generally refer to abstract principles of equitable tolling and then assert that "sufficient particularity has been pled regarding fraudulent concealment to apply equitable tolling" (Doc. 26 at 12). The Complaint, however, makes no reference to any actions or statements by CTX which would support a claim for fraudulent concealment. Without any allegations even hinting at fraudulent concealment, Plaintiffs' plea for equitable tolling is unavailing.

### B. Plaintiffs fail to state a claim for "servicer fraud."

In support of its "servicer fraud" claim, Plaintiffs allege that "[d]efendants engaged in a pattern and practice of defrauding Plaintiff[6] in that, during the entire life of the mortgage loan, Defendants failed to properly credit payments made; incorrectly calculated interest on the accounts; and have failed to accurately debit fees….Plaintiff made payments on the improper, inaccurate, and fraudulent representations as to Plaintiff's accounts." Compl., Allegations, ¶¶ 41-42.

Missouri does not recognize a cause of action for "servicer fraud." Assuming Plaintiffs intend to assert a fraudulent misrepresentation claim under Missouri law, they fail to sufficiently

---

[6] Throughout the Complaint, the use of the singular "" is a typographical error.

7

plead enough facts to state a claim. To maintain a claim for fraudulent misrepresentation a plaintiff must plead: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury." *Freitas v. Wells Fargo Home Mortg.*, 703 F.3d 436, 438-39 (8th Cir. 2013) (citing *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131-32 (Mo. 2010)). In pleading fraudulent misrepresentation, the plaintiff must satisfy the heightened standards under Rule 9(b). *See id.* at 439.

Plaintiffs' allegations do not satisfy this heightened standard. First, Plaintiffs' blanket reference to "Defendants" fails to identify CTX as the defendant who made the alleged misrepresentations. Moreover, Plaintiffs fail to specify the alleged time, place, or form of the misrepresentations. Thus, Plaintiffs fail to state a claim for "servicer fraud."

### C. Plaintiffs' HOEPA claim is time-barred.

Count III alleges CTX violated the disclosure requirements of HOEPA. Plaintiffs argue CTX failed to make a variety of disclosures required under the act, including disclosures about the possibility of foreclosure and the "right to rescind the transaction." Compl., Allegations, ¶¶ 49, 53.

Plaintiffs' HOEPA claims are time-barred. HOEPA, as an amendment of TILA, incorporates the TILA statute of limitations. *McLeod v. PB Inv. Corp.*, 492 F. App'x 379, 387 (4th Cir. 2012). Accordingly, damages actions under HOEPA have a one-year limitations period while rescission actions have a three-year limitations period. *Estate of Davis v. Wells Fargo*

*Bank*, 633 F.3d 529, 532 (7th Cir. 2011). Plaintiffs' loan closed on May 11, 2005, and they did not file suit until April 3, 2013. Because Plaintiffs' arguments for equitable tolling are unavailing, the statute of limitations has extinguished their HOEPA claims.

    **D.    Plaintiffs' RESPA claim is time-barred.**

In addition to the RESPA claims raised in Count I, Count IV alleges that CTX violated § 2607(b) of RESPA by accepting charges for services not actually performed.

A plaintiff must file an action alleging a § 2607 violation within one year of "the date of closing." *Carter v. Bank of Am.*, 888 F. Supp. 2d 1, 25 (D.D.C. 2012); 12 U.S.C. § 2614. Because the loan closed on May 11, 2005, the claim expired several years before Plaintiffs filed the Complaint on April 3, 2013. As Plaintiffs' equitable tolling arguments are unpersuasive, their RESPA claim is time-barred.

    **E.    Plaintiffs' breach of a fiduciary duty claim is time-barred.**

Plaintiffs contend that CTX violated the fiduciary duties owed to Plaintiffs by inducing them to enter into a mortgage that was contrary to their best interests. As discussed above, the general statute of limitations for fiduciary duty claims is five years. *See Klemme*, 941 S.W.2d at 497. Any claim premised on CTX making a loan contrary to Plaintiffs' best interest is time-barred because the claim expired on May 11, 2010.

    **F.    Plaintiffs fail to state a claim for "identity theft."**

Count VI alleges a putative claim for "identity theft." The factual and legal basis for Plaintiffs "identity theft" claim is difficult to discern from the pleadings. In an unnumbered paragraph prior to Paragraph 63, Plaintiffs allege that the "negotiation of Plaintiff's note was in actuality the theft of his identity to hide the vast number of 'toxic waste' mortgages, notes and obligations that the enterprise defendants were selling up through their 'securitization' chain."

The "enterprise defendants" then bundled the Note with other disguised notes in order to sell to "unsuspecting investors," which allowed Defendants to reap significant profits. Compl., Allegations, ¶¶ 62-63. Plaintiffs conclude that they are entitled to the profits obtained from this scheme. Compl., Allegations, ¶ 64.

In their briefing, Plaintiffs provide no legal authority for this claim, and the Complaint fails to discuss CTX's role, if any, in this alleged scheme. Even if Plaintiffs are attempting to plead a cause of action for fraudulent misrepresentation, they fail to specify how the misrepresentation occurred, when it occurred, or who perpetrated it. *See Freitas*, 703 F.3d at 438-39 (establishing the elements for fraudulent misrepresentation); Fed. R. Civ. P. 9(b). Thus, Count VI fails to state a claim.

### G. Plaintiffs fail to state a claim for a RICO violation.

Under Count VII, Plaintiffs allege that CTX's use of fraud to induce Plaintiffs and others into accepting the predatory loans constituted a pattern of racketeering activity, which brings the conduct into the purview of the "civil RICO" statute. While it is unclear what RICO statute Plaintiffs refer to in this count, the Court analyzes this claim solely under the federal statute.[7]

The federal RICO statute "provides a private right of action for any person injured in his business or property by reason of [a RICO violation]." *Crest Constr. II, Inc.*, 660 F.3d at 353 (internal quotation marks and citation omitted); 18 U.S.C. § 1964(c). To demonstrate a RICO violation, the plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Crest Constr. II, Inc.*, 660 F.3d at 353 (internal quotation marks and citation omitted). In order to prove the last two elements, a plaintiff must demonstrate that the

---

[7] At the outset of this count, Plaintiffs make a brief reference to an Ohio Revised Code statute which appears to be a state counterpart to the federal RICO statute. *See* Ohio Rev. Code Ann. § 2932.31. But as the Court explained in footnote five, Ohio law has no application in this case. Accordingly, the Court solely analyzes Plaintiffs' claim under the federal statute.

defendant committed at least two predicate acts of racketeering which are delineated in the statute. 18 U.S.C. §§ 1961(1), (5). Pleading a RICO claim triggers the heightened "particularity" standard of Rule 9(b). *Crest Constr. II, Inc.*, 660 F.3d at 353.

Plaintiffs' allegations fall well short of this heightened standard. Again, Plaintiffs collectively refer to "the Defendants" without identifying CTX's role, if any, in the alleged "racketeering activity." Moreover, Plaintiffs do not specify the time or place of these alleged activities. Instead of providing factual details in the pleadings, Plaintiffs merely make legal conclusions such as "[o]n information and belief given the volume of residential loan transactions solicited and processed by the Defendants, the Defendants have engage in two or more instances of racketeering activity…." Compl., Allegations, ¶ 70. Such conclusory statements cannot satisfy the pleading requirements of Rule 8(b), let alone the heightened standards of Rule 9(b). Consequently, the Court dismisses this count for failure to state a claim.

### H. Plaintiffs fail to state a claim for "quiet title."

Count VIII of the Complaint requests that the Court quiet title to the Property in Plaintiffs' favor due to the Defendants' failure to make disclosures, fraudulent actions, and "unfair persuasion." Compl., Allegations, ¶¶ 72-76.

Under Missouri law, any person claiming title or interest in real property "may institute an action against any person or persons having or claiming to have any title, estate or interest in such property." Mo. Rev. Stat. § 527.150(1). To maintain a cause of action for quiet title, a plaintiff must plead: (1) ownership of the described real estate; (2) that the defendant claims title or interest in the subject premises; and (3) such claim is adverse and prejudicial to plaintiff. *See Howard v. Radmanesh*, 586 S.W.2d 67, 68 (Mo. Ct. App. 1979) (citing *Randall v. St. Albans Farms, Inc.,* 345 S.W.2d 220, 221 (Mo. 1961)). In addition, "[a] plaintiff in an action to quiet

title has the burden to prove title superior to the other party, not superior title to the whole world, and must prevail on the strength of its own title and not on any weakness in the title of the other property." *Ollison v. Vill. of Climax Springs*, 916 S.W.2d 198, 203 (Mo. 1996).

While Plaintiffs have pled ownership in the Property, they have failed to allege any facts demonstrating that they possess title superior to that of CTX. And by failing to do so, Plaintiffs cannot state a claim for quiet title.

**Conclusion**

Viewing the factual allegations in the Complaint as true and construing them in the light most favorable to Plaintiffs, the Court concludes that all claims against CTX must be dismissed. CTX's 12(b)(6) Motion to Dismiss is GRANTED as to all counts. As CTX is the only remaining defendant in the case and Plaintiffs have failed to request leave to amend the Complaint, the case is hereby DISMISSED.

**IT IS SO ORDERED.**

Date:  May 7, 2014                                   /s/ Greg Kays
                                                     GREG KAYS, CHIEF JUDGE
                                                     UNITED STATES DISTRICT COURT